DEPARTMENT OF BANKING, APPELLANT, V. C. S. ADAMS ET AL., APPELLEES.

286 N. W. 290

FILED JUNE 2, 1939. No. 30581.

*Robert H. Downing, Harold Johnson* and *Frank B. Morrison,* for appellant.

*Butler, James & McCarl, Beeler, Crosby & Baskins* and *Robert Crosby, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

The plaintiff, as statutory receiver of the Security State Bank of Curtis, Nebraska, an insolvent banking corporation, brought this action to enforce the collection of stockholders' liability. The following are the pertinent facts alleged in the petition:

The Security State Bank was organized, incorporated and chartered under the laws of Nebraska in 1914 as a banking corporation, with a capital stock of $30,000. The bank was taken over by the department of banking January 16, 1934, and notice given to the bank and its officers. The president and cashier of the bank acknowledged that the bank was insolvent. Solvency was not restored by the stockholders. On January 22, 1934, the superintendent of banks adjudged the bank to be insolvent, made a finding in writing and a declaration of insolvency of said bank and caused the same to be filed with the clerk of the district court for Frontier county, Nebraska. No objections were made by the stockholders,

and the superintendent of banks, through the department of banking, as receiver and liquidating agent, proceeded to liquidate the affairs of said bank, as provided by article 1, ch. 8, Comp. St. 1929, as amended. On April 23, 1938, there was a judicial adjudication by the court that the assets of said bank had been exhausted and the proceeds thereof had been applied to the bank's liabilities, and that a deficiency remained due creditors, amounting to $78,614.04. The defendants, Garnette L. Nelson, Helen B. Pyle and Lois May Shifflet, each owned, since 1921, three and one-third shares of the capital stock of said bank, and on August 31, 1933, at which time said bank was known by said defendants to be insolvent and was being operated by virtue of the bank moratory laws as a restricted bank, they executed assignments of said shares and caused them to be recorded in the books of said bank in favor of defendant Bertha L. Pyle, who, in addition to the shares assigned to her, owned, since 1921, five shares of the capital stock of said bank. The prayer is for an accounting, and for a determination of the amount each defendant is liable to contribute to the payment of unpaid liabilities of said bank and for judgment in the amount so determined.

The defendants demurred to plaintiff's petition, which demurrer was sustained by the trial court. The department of banking elected to stand upon the petition and not plead further. The claim and petition of the department were dismissed, and plaintiff appeals to this court.

The defendants' demurrer to the petition contains the same subject-matter as the demurrer in the case of *Department of Banking v. Hedges, ante,* p. 382, 286 N. W. 277, with the exception that the question as to impairment of contracts, in violation of section 10, art. I of the Constitution of the United States, is not involved herein, for the reason that the liability in the instant case is determined by the constitutional provisions and the laws in force prior to the 1930 amendment, under which amendment the *Hedges* case arose. In all other respects, the questions of law raised are identical with the case of *Department of Banking v.*

*Hedges, supra,* and the opinion rendered therein is controlling.

The trial court erred in sustaining the defendants' demurrer. The judgment is reversed and the cause remanded for further proceedings.

REVERSED.